UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS P. FULLER,

                    Plaintiff,

            v.

PIERCE CONSERVATION DISTRICT,
et al.,

                    Defendant.

CASE NO. C25-5710 BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Theresa L

Fricke's Order granting pro se plaintiff Fuller's application to proceed *in forma pauperis*,

Dkt. 5, based on his indigency, leaving to this Court evaluation of whether Fuller's

proposed complaint, Dkt. 6, asserts a plausible claim and should be served. Fuller has

since filed an amended complaint, Dkt. 8, and motions for a temporary restraining order,

Dkt. 9; to appoint counsel, Dkt. 10; and for service by the U.S. Marshal, Dkt. 12.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears

from the face of the proposed complaint that the action is frivolous or without merit."

*Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted);

*see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Fuller has not yet articulated facts stating a plausible claim. He alleges that the Pierce County Conservation District violated Title VI and the Americans with Disabilities Act when they "obstructed" his "federally funded Sol Rising Farm" through "race based retaliation ('angry black man' tropes); elder exclusion (Barbara Dickerson testimony)," and "soil delivery sabotage." Dkt. 8 at 2. Fuller also appears to assert claims on behalf of XiMuRa Consulting LLC dba Olmec Agro-Tech. Dkt. 8.

1    These assertions are conclusory. Fuller has not pled facts—the "who what when

2  how and why" of a plausible story—supporting the reasonable inference that the Pierce

3  County Conservation District or the individual defendants violated his rights in some

4  fashion. To state a plausible claim, a plaintiff must allege facts that allow *the court* to

5  "draw the reasonable inference that the defendant is liable for the misconduct alleged."

6  *Iqbal*, 556 U.S. at 678. He has not done so.

7    Furthermore, unless he is an attorney admitted to practice in this District, he

8  cannot represent any other person or entity, including an LLC.  Representing another

9  person or entity in court is the practice of law. To practice law, one must be an attorney.

10  RCW 2.48.170. Thus, Washington, like all federal courts, follows the common law rule

11  that corporations appearing in court proceedings must be represented by an attorney.

12  There is a pro se exception to this general rule, under which a person "'may appear and

13  act in any court as his own attorney without threat of sanction for unauthorized

14  practice.'" *Cottringer v. State, Dep't of Employment Sec.,* 162 Wn. App. 782, 787 (2011)

15  (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48,

16  56 (1978)).

17    The pro se exception is extremely limited and applies "only if the layperson is

18  acting solely on his own behalf" with respect to his own legal rights and obligations.

19  *Cottringer,* 162 Wn. App. at 787–88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57).

20  Although a non-attorney may appear *in propria persona* in his own behalf, that privilege

21  is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has

22  no authority to appear as an attorney for anyone other than himself. *Russell v. United*

*States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954). *See also* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel.").

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Fuller may file an amended complaint addressing these deficiencies **within 21 days**. Any amended pleading must allege facts, not conclusions, that permit to conclude that defendants are liable for the misconduct alleged.

If he does not, the case will be dismissed. Unless and until he asserts a plausible claim, Fuller's motions, Dkts. 9, 10, and 12, are premature. They are **DENIED** without prejudice to re-file if Fuller files an amended complaint stating a plausible claim.

**IT IS SO ORDERED**.

Dated this 16th day of September, 2025.

BENJAMIN H. SETTLE
United States District Judge