UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS P. FULLER, <br><br> Plaintiff, <br><br> v. <br><br> PIERCE CONSERVATION DISTRICT, et al., <br><br> Defendant. | CASE NO. C25-5710 BHS <br><br> ORDER |

THIS MATTER is before the Court on its review of pro se plaintiff Thomas Fuller's first amended complaint, Dkt. 15. The Court ordered Fuller to file an amended complaint because his proposed amended complaint, Dkt. 8, was wholly conclusory and did not state a plausible claim. Dkt. 13. The Court's order explained that to proceed *in forma pauperis*, a plaintiff must allege facts sufficient to allow the court to reasonably infer that defendant is liable for the alleged wrongdoing. *Id.* at 1–2.

Fuller's amended complaint is not materially different than his initial pleading. Fuller alleges that the Pierce County Conservation District (PCD) violated Title VI and the Americans with Disabilities Act when it obstructed delivery of compost soil to his

"federally funded" Sol Rising Farm. Dkt. 15 at 3. He contends that PCD permitted soil delivery to other "non-indigenous" participant plots, but specifically withheld soil to his plot on account of his race. *Id.* He also asserts a 42 U.S.C. § 1983 civil rights action against PCD employees Joslyn Brown, Erica Hernandez, and Kirsten McIvor for their alleged involvement in obstructing soil shipments, prohibiting signage at Sol Duc Farms, and threatening to seize his equipment. Dkt. 15 at 3.

Fuller also asserts claims on behalf of Katherine Harrison and Barbara Dickerson under the Rehabilitation Act, 29 U.S.C. § 794, and Abuse of Vulnerable Adults Act, RCW 74.34.020, alleging that PCD excluded these "vulnerable adults" from participation on the farm without justification or reasonable accommodation. Dkt. 15 at 3, 4.

As explained in the Court's previous Order, Dkt. 13, Fuller, as a pro se litigant, cannot represent any other person in court. A non-attorney may appear *in propria persona* in his own behalf, but that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has no authority to appear as an attorney for anyone other than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954). *See also* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). Fuller's claims on behalf of Harrison and Dickerson are dismissed.

Furthermore, as with the previously amended complaint, the current complaint is conclusory. To plead a plausible claim, a plaintiff must allege facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a pro se plaintiff's complaint is to be construed liberally, like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere possibility of misconduct" or "the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

Fuller's speculative assertion that PCD and its employees discriminated against him by withholding soil delivery because of his race is insufficient. Fuller must allege specific facts showing how or why the defendant's actions were racially motivated. Fuller also did not plead with sufficient particularity how PCD's decision to ban signage in the community garden violated Fuller's right to free speech. Although Fuller contends the State banned signage in retaliation for his grievances, he alleges no facts showing the allegations targeted him or the content of his signs.

The Court will permit Fuller one more opportunity to amend his complaint to state a plausible claim. *See United States v. Corinthian Colls*., 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Fuller's second amended complaint must allege facts, not conclusions, that permit the Court to conclude that defendants are liable for the misconduct alleged. He should do so within 21 days. If he does not, the case will be dismissed.

Fuller's motion for a temporary restraining order, Dkt. 16, is **DENIED**. The Court will not entertain any motions unless and until Fuller files an amended complaint stating a plausible claim.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge