UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS P. FULLER,

Plaintiff,

v.

PIERCE CONSERVATION DISTRICT,
et al.,

Defendant.

CASE NO. C25-5710 BHS

ORDER

THIS MATTER is before the Court on its review of pro se plaintiff Thomas Fuller's second amended complaint, Dkt. 19.

This is Fuller's second amended complaint. His prior two complaints, Dkts. 8 and 15, were conclusory and did not state a plausible claim. The Court permitted Fuller to file one more amended complaint and explained that to proceed *in forma pauperis*, a plaintiff must allege facts sufficient to allow the court to reasonably infer that defendant is liable for the alleged wrongdoing. Dkt. 18.

Fuller's second amended complaint, although significantly longer, is not materially different than his initial pleadings. Fuller was a participant in Pierce

ORDER - 1

Conservation District (PCD)'s urban agriculture program from 2022 to 2025. Dkt. 19 at 3. He asserts 42 U.S.C. § 1983 civil rights actions against the defendants for violating his due process, equal protection, and First Amendment rights. He alleges defendants "obstructed delivery" of compost soil to his farm, introduced a new "bylaws" requirement for him alone, excluded him from meetings, and retaliated against him because of his advocacy on behalf of "elderly, disabled gardeners." *Id.* at 12–16. He contends defendants treated him differently than other program participants on account of his race. *Id.*

He further alleges defendants McIvor, Hernandez, and Brown conspired to deprive him of his equal protection rights by coordinating a "pattern of adverse actions" to "'crush' Plaintiff and ensure he could not farm anywhere in Pierce County." *Id.* at 17.

Finally, he brings a *Monell* claim against Pierce Conservation District for "creating novel procedural requirements for disfavored participants" and failing to train employees to engage in anti-discrimination practices. *Id.* at 19.

As with the prior filings, Fuller's current complaint is conclusory. To plead a plausible claim, a plaintiff must allege facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a pro se plaintiff's complaint is to be construed liberally, like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere possibility of misconduct" or "the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Fuller's speculative assertion that defendants discriminated against him because of his race is insufficient. While he asserts that white participants in PCD's program "were not subjected to the adverse treatment imposed" on him, he does not plead with sufficient particularity how or why defendants' actions were racially motivated. Dkt. 19 at 11. That "these white comparators" were "participating in the same program, under the same supervisors, during the same time period" does not show racial discrimination. *Id.* at 12. The Court does not equate correlation with causation.

Fuller also does not explain with any particularity what the new "bylaws" requirement constituted or how it affected him. It is insufficient to simply state PCD engaged in this "practice of ad hoc rulemaking" and failed to train its employees. *Id.* at 19.

Fuller's second amended complaint is wholly conclusory and does not allege facts that allows the Court to draw reasonable inferences that the defendants are liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court has provided Fuller several opportunities to replead his allegations. Fuller fails to articulate facts stating a plausible claim against anyone. It is not enough to simply state the defendants' actions were racially motivated against him.

Fuller's complaint is **DISMISSED without prejudice** and **without leave to amend**. The Clerk shall close the case.

//

//

//

ORDER - 3

**IT IS SO ORDERED**.

Dated this 12th day of December, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4