UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS P. FULLER,

Plaintiff,

v.

PIERCE CONSERVATION DISTRICT, et. al.,

Defendant.

CASE NO. C25-5710 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Thomas Fuller's motion for leave to appeal *in forma pauperis*, Dkt. 22, and on Fuller's emergency motion for a temporary restraining order pending appeal, Dkt. 24.

The Court denied Fuller's initial application to proceed *in forma pauperis* because despite several efforts, he had failed to state a plausible claim. *See* Dkts. 6, 8, 15, 19. The Court dismissed the case **without prejudice** on December 12, 2025, and closed the case. Dkt. 20.

ORDER - 1

This means that while this case is closed, it did not resolve the matter on the merits and it did not preclude Fuller from commencing a new case by stating a plausible claim as that term was described in the Court's prior Orders.

Fuller filed a notice of appeal on February 9, 2026, accompanied by his motion to appeal *in forma pauperis*. Dkts. 21 and 22. The notice is facially untimely. Federal Rule of Appellate Procedure 4(a)(1)(A) requires such a notice to be filed within 30 days of the order or judgment appealed.

Even if it were not, to appeal *in forma pauperis* also requires the plaintiff to state a plausible claim, or make a showing that there is some potential merit to his appeal. *See* 28 U.S.C. § 1915(a)(3) (an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.). The Court will not permit Fuller to appeal *in forma pauperis* because he has not stated a plausible claim. His motion for leave to appeal *in forma pauperis*, Dkt. 22, is **DENIED**.

Consistent with this determination, the Court must also deny Fuller's motion for an emergency restraining order in this case, which has been closed for almost three months.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to

ORDER - 2

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008).

Fuller has not shown that he is likely to succeed on the merits of his claims. His Motion for a TRO, Dkt. 24, is **DENIED**.

Fuller may file a new action, supported by an application for leave to proceed in forma pauperis and a complaint stating a plausible claim, and move for injunctive relief in that case, consistent with the standard above.

This case remains closed.

**IT IS SO ORDERED**.

Dated this 5th day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3